THOMAS GORMAN

*v.*

ANTHONY GORMAN *et al.*

*Filed at Springfield March 21, 1881.*

CONVEYANCE—*sufficiency of proof of delivery.* On bill to supply a lost deed for land, the proof clearly showed the signing and acknowledgment of a deed for the land by a brother, who afterwards died, to the complainant, but the proof of its delivery was not satisfactory, that fact being in issue by the pleadings, and the person drawing the deed and taking its acknowledgment testified that he delivered it to the grantor and had no knowledge of its ever being delivered to the grantee. A boy who worked for the grantor testified that on their return home after the execution and acknowledgment, the grantor called the complainant's attention to the deed and delivered it to him. The deed was never recorded or taken into the grantee's care for safe keeping. but was left with other papers of the grantor in a drawer in his private room. One of the defendants, who visited the grantor shortly before his death, testified that the deceased took the deed from his drawer and destroyed it. The evidence was, that the grantee was not to pay anything for the land: *Held*, that the evidence was not sufficient that the deed was ever delivered, and that the grantor had the right to change his intention to make a gift of the land at any time before delivery of the deed, and to destroy the same.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. A. A. & J. H. RICHARDSON, for the plaintiff in error:

1. The Supreme Court has jurisdiction of this appeal from the circuit court directly. Laws of 1877, p. 77, sec. 8;

*Bennett et al.* v. *Waller et al.* 23 Ill. 177; *King* v. *Admr. of Gilson*, 32 id. 354; *Rockwell et al.* v. *Servant et ux.* 54 id. 253.

2. The delivery of the deed, properly executed, passed the title to the lands. *Bryan et al.* v. *Wash et al.* 2 Gilm. 565; *Bennett et al.* v. *Waller et al. supra; Rivard et al.* v. *Walker et al.* 39 Ill. 414; *Duncan* v. *Wickliffe,* 4 Scam. 452.

3. Granting this deed to have been a voluntary one, the presumption of law is in favor of the delivery, and the burden of proof is on the grantor to show clearly there was no delivery. *Bryan et al.* v. *Wash et al. supra; Souverbye* v. *Arden,* 1 Johns. Ch. 256; *Reed et al.* v. *Douthit et al.* 62 Ill. 352.

4. The destruction or surrender of a deed subsequent to its delivery does not re-vest the title to the lands therein conveyed in the grantor. *Duncan* v. *Wickliffe, supra; Bryan et al.* v. *Wash et al. supra; Bennett et al.* v. *Waller et al. supra; Parsons* v. *Parsons,* 45 Mo. 268; *Tibeau* v. *Tibeau,* 19 id. 81; *Alexander* v. *Hickok,* 34 id. 500.

5. The declarations or admissions of a grantor, made after the grant, are not admissible in evidence to prejudice the rights of the grantee. *Bryan et al.* v. *Wash et al. supra,* and cases there cited; *Rust et al.* v. *Mansfield et al.* 25 Ill. 338; *Myers, impl. etc.* v. *Kinzie,* 26 id. 37; *Simpkins* v. *Rogers,* 15 id. 398; *Gridley* v. *Bingham,* 51 id. 155, and cases there cited.

6. Granting the deed to have been a voluntary one, the title passed thereby to grantee, regardless of the consideration paid. *Fetrow* v. *Merriwether,* 53 Ill. 278; *Reed et al.* v. *Douthit et al. supra; Bryan et al.* v. *Wash et al. supra; Masterson et al.* v. *Cheek et al.* 23 Ill. 76.

7. If the deed was delivered, as the witness Clark swears it was, its custody by the grantor subsequently could not invalidate or defeat it. *Reed et al.* v. *Douthit et al. supra,* and cases there cited; *Parsons* v. *Parsons, supra.*

Mr. J. C. BROADY, for the defendants in error:

After contending that the evidence was not sufficient to show a delivery of the deed, made the following points:

To render a deed operative to pass title, in addition to signing, sealing and acknowledging, delivery and acceptance are essential to its validity. *Wiggins* v. *Lusk,* 12 Ill. 135; *Herbert* v. *Herbert,* Breese, 282; *Ferguson* v. *Miles,* 3 Gilm. 363; *Skinner et al.* v. *Baker et al.* 79 Ill. 499.

A deed of gift, not delivered, destroyed by the donor, is of no effect, though there be proof of declarations of the donor, during the existence of the deed, recognizing the property in the donee. *Reid* v. *Butt,* 25 Ga. 28.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was brought by Thomas Gorman, one of the heirs of John Gorman, against the other heirs of the deceased, to obtain a deed for the land described in the bill, to supply one made by deceased to complainant, and which it is said was lost or destroyed without having been recorded.

It is alleged that on or about the 21st day of October, 1878, John Gorman, since deceased, "granted, bargained, sold and conveyed, by good and sufficient warranty deed, for a valuable consideration," the premises in controversy to complainant; that the deed so made was unrecorded, and has since been lost or destroyed; that John Gorman died February 24, 1879, leaving no widow or children, or descendants of any child or children, and that complainant and defendants are his sole surviving heirs at law. Answering, defendants admit deceased did cause a deed for the premises to complainant to be prepared, and also that he signed and acknowledged the same in due form, and that he took it home with him, but deny that he ever delivered it to complainant. The further allegation of the bill, that deceased "granted, bargained, sold and conveyed, by good and sufficient warranty deed," the lands to complainant, is expressly

denied. A replication was filed to the answer of defendants, and the court to whom the cause was submitted on the proofs taken before the master in chancery, found the issues for defendants and dismissed the bill. Complainant brings the case to this court on error.

That a deed to convey the land to complainant was prepared, and it was signed and acknowledged by deceased before a proper officer, admits of no doubt; but the pleadings make the distinct issue such deed was never delivered to the grantee named, and upon that question the evidence is by no means satisfactory. The scrivener who prepared the deed, and who was the officer before whom the grantor acknowledged it, states he delivered the deed to the grantor, and has no knowledge whether it was ever delivered to the grantee. The only witness whose testimony can be considered, that testifies as to the delivery of the deed to the grantee, is a boy that worked for the grantor at the time. His testimony is, that on their return home in the evening after the making of the deed, the grantor called complainant's attention to the deed and delivered it to him. It is singular, if the deed was delivered to complainant, that it was not recorded or taken into his own care for safe keeping. It seems to have been left, with other private papers belonging to the grantor, in a drawer in his private room. It is quite certain complainant did not have the exclusive care of it. Anthony Gorman, one of defendants, who visited deceased shortly before his death, says deceased himself took the deed from his drawer where he kept his private papers, and destroyed it. It is alleged in the bill this witness had free access to everything in the residence during the time of his visit, and the intimation is he destroyed it. Be that as it may, it is evidence tending at least to show the deed was not in the exclusive custody of the grantee, but remained with the grantor.

Treating the transaction as a design on the part of the grantor to make a gift of the land to complainant, it was his privilege to change that purpose at any time before the deed

was delivered. The evidence is the grantee was to pay nothing for the land. The consideration for the alleged conveyance was services rendered to the grantor, but what those services were, or their value, do not appear. The scrivener was undoubtedly correct when he said he "considered it a gift." There is nothing in all the testimony that shows there was "bargain and sale" of this land to complainant. It may be deceased changed his purpose, and did not wish to bestow the land upon complainant as an act of bounty, and if he retained the deed in his possession he could rightfully destroy it whenever he chose to do so.

Considering the attendant circumstances proven, the evidence as to the delivery of the deed to complainant by the grantor is too uncertain and unsatisfactory to warrant the relief asked for in the bill, and the decree of the circuit court will be affirmed.

*Decree affirmed.*

DICKEY, Ch. J.: I can not concur in the conclusion reached in this case. John Gorman and his brother Thomas were occupying a house together, the house and all the household goods being the property of John, and Thomas being a laborer for his brother. In this state of affairs John went to a justice of the peace and caused him to prepare the deed in question, and then and there signed and sealed and acknowledged the same, and took it home with the avowed purpose of delivering the same to Thomas. A young man who was then working for John testifies that he was present when the deed was made, and went home with John, and when John got home he did deliver the deed to Thomas. There is nothing in the record which in my judgment tends to contradict the testimony of this witness. The fact, if true, that afterwards this deed was in a drawer in a bureau in the house where John could take it, seems to me of no significance. What more natural or probable than that Thomas would place his deed in that drawer for safe keeping? He

was a mere laborer in his brother's service, and it does not appear that he had any bureau or other place in his exclusive possession in which he could or did keep any papers of his own, or that he even had any other paper except this deed. I think the delivery is well proved.

WALKER, J.: I concur with the Chief Justice in this dissenting opinion.